# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| John Phillip Hamre, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | **ORDER RE § 1915A SCREENING** |
| vs. | ) | Case No. 3:18-cv-142 |
| City of Moorhead, Brian Melton, Robert Matheson, City of Fargo, Tristan Jones Van De Streek, Brent Malone, and Philip Swan, | ) | |
| Defendants. | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. This matter is now before the undersigned for initial review as required by 28 U.S.C. § 1915A.[1]

## I.  BACKGROUND

Plaintiff initiated this action on July 13, 2018, with the filing of a complaint dated July 4, 2018. (Doc. No. 6). On August 13, 2018, plaintiff filed another document dated August 4, 2018, containing additional allegations against the defendants. (Doc. No. 10). The court will treat both plaintiff's initial filing and the supplement as the operative complaint. Consequently, unless otherwise stated, the reference to plaintiff's complaint in what follows includes both the initial July 4, 2018 pleading and the August 4, 2018 supplement.

In this action, plaintiff is attempting to sue two separate groups of defendants. One group consists of the City of Moorhead (the county seat of Clay County, Minnesota) and three

---

[1] When plaintiff filed this action, he was an inmate at the Kandiyohi County Jail in Wilmar, Minnesota. While he may now be out on probation, the court still must conduct a § 1915A screening of his complaint. See, e.g., Jackson v. Ward County Officials, No. 1:12–cv–017, 2012 WL 3135376, at *2 (D.N.D. Mar. 27, 2012) (the determination of whether a plaintiff is a prisoner within the meaning of § 1915A is to made as of the time of commencement of the action). Plaintiff has consented to the handling of his case by a magistrate judge. (Doc. No. 9).

1

individuals—Brian Melton, Robert Matheson, and Lori Conroy—who, presumably, are Minnesota residents. Melton and Conroy are Clay County prosecutors. Matheson is a Moorhead police officer. This first group will be referred to collectively as the "Minnesota defendants."

The second group of named defendants consists of the City of Fargo (the county seat for Cass County, North Dakota) and three individuals—Tristan Jones Van De Streek, Brent Malone, and Phillip Swan—who, presumably, are all North Dakota residents. Van De Streek is a Cass County prosecutor. Malone and Swan are Fargo police officers. The second group will be referred to collectively as the "North Dakota defendants."

It is difficult to determine from plaintiff's complaint exactly what he is contending amounted to a federal constitutional violation by each of the defendants. In substantial part, this is due to plaintiff's disjointed and conclusory allegations that appear to involve multiple criminal proceedings—at least one of which was (and, perhaps, still is) pending in Clay County, Minnesota and another that began in June 2017 in Cass County, North Dakota, and resulted in a conviction that is now on appeal to the North Dakota Supreme Court.

The relief that plaintiff seeks is money damages against each of the named defendants in varying amounts. The complaint is silent in terms of whether plaintiff is suing the individually-named defendants in their individual as opposed to their official capacities.

I. **STANDARDS GOVERNING INITIAL REVIEW**

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203–04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not clearly frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The

3

complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) ("Iqbal"). And, even though a *pro se* prisoner complaint is entitled to a liberal construction, these minimal pleading requirements must still be satisfied. E.g., Story v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680–81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32–34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant must, at the very least, invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157–58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior*

4

liability. Iqbal, 556 U.S. at 676–77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

Finally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753–54 (7th Cir. 2002) (citing other cases).

### III. DISCUSSION

#### A. The individual persons named as defendants are sued only in their official capacities and the failure to state a claim of "municipal liability"

The rule in the Eighth Circuit is that, "'in order to sue a public official in his or her individual capacity, a plaintiff must *expressly and unambiguously* state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'" Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018) ("Mick") (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)) (italics added). In this case, there is no such express and unambiguous statement in plaintiff's complaint. As a consequence, plaintiff's suit against the individuals named as defendant is deemed to be a suit against their respective employers and not as to them personally. See, e.g., Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (a suit against a government official in his or her official capacity is an action against the entity of which the official is an agent making the governmental entity and not the named official the real party in interest). In this case, depending upon the individual, that would be the City of Moorhead, the City of Fargo, Cass County, or Clay County.

In addition to confining plaintiff's damage action to these governmental entities, there is an additional consequence of plaintiff suing the named individuals only in their official capacities. That

is, plaintiff being required to plead facts sufficient to make out a claim of "municipal liability" under § 1983. To make out a claim for municipal liability under § 1983, it is not enough to allege that an employee or agent of the political subdivision committed an unconstitutional act. The complaint must also allege that the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. Mick, 883 F.3d at 1079. In this case, plaintiff failed to allege any of these three possible grounds for imposing municipal liability for damages, much less plead facts sufficient to make out a cognizable claim for such liability. As a result, the entire complaint must be dismissed not only as to the two named municipalities but also as to the named individual defendants as well.

But, even if plaintiff amends his complaint to expressly state he is suing the named individuals in their personal capacities, that still would not be enough to allow this action to go forward. This is because the complaint fails to state a cognizable claim under § 1983 for the additional reasons that follow.

**B.     The individual North Dakota defendants**

As best the court can tell, plaintiff alleges in his complaint that he was arrested on June 15, 2017, in North Dakota by defendants Malone and Swan on what he claims was a facially defective warrant out of Clay County, Minnesota.[2] The only specific allegation as to why the warrant was facially defective, however, was that it listed plaintiff's address as the Cass County jail. Plaintiff states he has never claimed North Dakota as his residence and infers that he was not incarcerated at the Cass County jail at the time the warrant was issued.

---

[2] At one point in his complaint, plaintiff states that the arrest took place on June 15, 2017. At another pont, he states it was on June 15, 2018. It appears the correct date is June 15, 2017.

The problem with this allegation is that, assuming the address was wrong and further assuming this made the warrant defective under state procedures as plaintiff claims (but which the court doubts), what plaintiff alleges does not on its face amount to a federal constitutional violation. As noted above, a prerequisite for making a claim for damages pursuant to 42 U.S.C. § 1983 is a violation of federal law, constitutional or statutory. A violation of state law by itself is insufficient to make out a claim under § 1983. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 500 (8th Cir. 2010) ("a mere violation of a state law does not give rise to a federal due process violation"); Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) ("We have stated many times, however, that 'a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983.'") (quoting Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir.1993)).

In addition to contending that the Clay County warrant was facially defective, plaintiff appears to contend that the arresting officers failed to contemporaneously provide him with a copy of the Minnesota warrant at the time of his arrest and that this violated N.D. R. Crim. P. 4(c)(1). While the court doubts there was any such violation based on what else plaintiff has pled, it makes no difference here since, again, plaintiff has not alleged facts sufficient to make out a federal constitutional violation as opposed to, at the most, a violation of state law.

Finally, with respect to the Clay County warrant, plaintiff appears to claim that it is based upon an inaccurate affidavit. However, as discussed in the next section, he pleads no specific facts to support this claim, including facts sufficient to make out a plausible claim that the inaccuracies rendered the warrant fatally defective. Further, and relevant to the Fargo police officers here, he fails to plead facts sufficient to make out a plausible claim that the officers knew of the inaccuracies.

7

In the supplement to his complaint, plaintiff moves beyond the warrant to discuss complaints he has about a criminal prosecution that was brought against him in North Dakota—presumably by Cass County prosecutor Van De Streek—for assault upon the Fargo police officers who arrested him on June 15, 2017. More specifically, plaintiff complains about the procedures that were employed during the prosecution, *i.e.*, a purported failure to hold a motions hearings, an alleged denial of his right to a speedy trial, and the prosecutor allegedly taking unfair advantage of him at the time of sentencing. He also complains about the insufficiency of the evidence and what he claims was an excessive sentence.[3]

With respect to the alleged failure to hold a motions hearing, the claimed denial of a speedy trial, the conduct of the prosecutor at the time of sentencing, and the purported excessive sentence, there obviously could be no basis for holding Officers Malone and Swan liable for this conduct. And, while the same is likely true for prosecutor Van De Streek, particularly since causation is also element, Van De Streek is immune from any § 1983 suit on these grounds in any event. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976) (a prosecutor is immune from suit under § 1983 for acts committed within the scope of his or her prosecutorial duties that are "intimately associated with the judicial phase of the criminal process."); Woodworth v. Hulshof, 891 F.3d 1083, 1089 (8th Cir. 2018). Finally, plaintiff's claims of insufficient evidence and excessive sentence (and likely also one or more of his other complaints) run head first into the prohibition against suit set forth in Heck v. Humphrey, 512 U.S. 477, 483–89 (1994). Under what is commonly referred to as the "Heck

---

[3] Due to the disjointed and stream-of-consciousness nature of plaintiff's allegations, it not entirely clear whether he is attempting to sue for the complaints he has about the North Dakota criminal prosecution apart from the arrest on the allegedly defective warrant or whether his "discussion" of the other complaints was included only for the purpose of alerting the court to the fact that he is contesting his conviction and that these are the issues being raised on appeal. For purposes of the remainder of the discussion, it will be assumed he is suing for everything.

bar," a § 1983 plaintiff is precluded from asserting any claim for damages pursuant to § 1983 that would necessarily call into the question the validity of his or her criminal conviction or sentence unless that conviction or sentence has already been invalidated. Id., see also Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007). And, in this case, there is no allegation that plaintiff's conviction or sentence has been overturned. In fact, it appears plaintiff's appeal to the North Dakota Supreme Court is still pending.

In summary, plaintiff's complaint as drafted fails to state a cognizable § 1983 claim against the individual North Dakota defendants for an alleged violation of federal constitutional rights.

C.   **The individual Minnesota defendants**

The complaint as drafted is even less clear in terms of what constitutional violation(s) the individual Minnesota defendants are claimed to have committed. Plaintiff alleges in his complaint:

> I, Plaintiff, John Phillip Hamre, was illegally maliciously arrested for a facially defective Clay County warrant on June 15, 2017. I believe a summons was never sent, or an affidavit in support of warrant created. * * * * Unbeknowest to me a warrant was issued by Brian Melton Clay County Prosecutor April 4th 2017. Robert Matheson wrote up a probable cause. All of this vindictive prosecution should have been dealt with in 2016. I believe because of incident # 16-00449(1) this case INCIDENT #15-38002(1) was recalled.

(Doc. No. 6). Plaintiff then goes on in the supplement to allege that everything he is complaining about originates from a summons (presumably out of Clay County) that he never got because he was in jail.[4] Then, as above, he jumps to the warrant claiming it was facially defective and also that it was based upon an inaccurate affidavit.

The primary problem here is that it is almost impossible to glean from plaintiff's disjointed and conclusory allegations what he claims is the purported federal constitutional violation(s). Other

---

[4] Although plaintiff does not expressly state it, what he may be claiming is that his lack of response to the summons that he purportedly never received resulted in the issuance of the warrant for which he was arrested on June 15, 2017.

9

than contending that the address on the warrant was wrong, which is not enough to state a federal constitutional violation for reasons already discussed, plaintiff has failed to plead why and how the affidavit was inaccurate (much less allege sufficient facts to make out a plausible claim that probable cause was lacking or other reasons why the warrant should not have issued) as well as who was responsible for the purported inaccuracies. In short, the allegations against the Minnesota defendants are insufficient to state a claim of a federal constitutional violation, much less give fair notice to each defendant of the alleged basis for why they should be held liable.

Finally, there may be another problem with respect to plaintiff's attempt to sue the Minnesota defendants. Without making any decision now, this court may lack personal jurisdiction over the Minnesota defendants. If plaintiff is serious about suing the Minnesota defendants, he could avoid this potential problem by bringing these claims in federal court in Minnesota instead of here.

### D. The request to exclude defendant Conroy from this action

Since the filing of his original pleading and the supplement, plaintiff states in a communication dated September 15, 2018, that he no longer want to sue defendant Conroy in this action. (Doc. No. 12). The court will grant the request to exclude Conroy and, for that reason, has not included her name in the caption.

## IV. ORDER

Based on the foregoing, it hereby **ORDERED** as follows:

1. Defendant Lori Conroy is dismissed from this action.
2. Plaintiff shall have fifteen (15) days to file an amended complaint that sets forth a cognizable claim against one or more of the defendants. If plaintiff fails to do so, his complaint will be dismissed without prejudice for failure to state claim.

Dated this 26th day of September, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court